**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALFRED VEGA**                                                                                       **PLAINTIFF**

**V.**                                                                          **CIVIL ACTION NO.1:06CV153 LTS-RHW**

**ALLSTATE INSURANCE COMPANY;
and JAMES W. SMITH; and JWS, INC.**                                                  **DEFENDANTS**

### ORDER MODIFYING STAY TO ALLOW REMAND-RELATED DISCOVERY
### and ORDER HOLDING MOTION TO REMAND IN ABEYANCE

Plaintiff Alfred Vega (Vega) is the named insured under a policy of insurance issued by Defendant Allstate Insurance Company (Allstate).  Vega purchased his policy through Allstate's local agents, Defendant James W. Smith (Smith) and the JWS, Inc., (JWS) insurance agency.

The property insured under the Allstate policy is Vega's mobile home.  The policy, entitled "Deluxe Mobilehome," policy number 1 10 016428 0438, provides coverage for both wind and flood water damage, unlike most homeowners policies which typically contain an exclusion for water damage caused by flooding.  The policy limits are replacement cost for the mobile home; replacement cost not to exceed $1,300 for improvements; and replacement cost not to exceed $13,000 for personal property.

This case was originally filed in the Circuit Court of Hancock County, Mississippi. Allstate timely removed the case on grounds of diversity of citizenship, alleging that the non-diverse defendants, Smith and JWS, were fraudulently joined.  Plaintiff has moved to remand the case.  I am satisfied that removal was procedurally proper, even though the non-diverse defendants did not join in the removal.  If these parties are fraudulently joined, as Allstate contends, they need not join in the removal petition.  *Henderson v. Ford Motor Co.*, 340 F.Supp.2d 722(N.D.Miss.2004).  If they have not been fraudulently joined, the case must be remanded for lack of subject matter jurisdiction under 28 U.S.C. §1332.

As I appreciate the complaint, there is no issue of coverage to be decided.  The parties apparently agree that the Allstate policy was in effect at the time of the loss, during Hurricane Katrina, and that the damage to Vega's property was covered by the terms of the policy.  The parties apparently disagree on the amount of the covered loss.

Vega's allegations against Smith and JWS are that they wrongfully failed to procure "full coverage" for his property.  I am uncertain from my reading of the complaint whether this is an allegation that Smith and JWS procured insurance with policy limits less that those requested by Vega or an allegation that Smith and JWS failed to get some other form of coverage Vega requested.  It is also unclear in the current record whether a copy of the policy was delivered to Vega, whether he read the policy, and whether he raised any issue of coverage under the policy with Smith or any other representatives of JWS.

Under applicable Mississippi law, neither Smith nor JWS, agents for their disclosed principal, could be liable for Allstate's breach of this insurance contract. *See: Jenkins v. Farmington Cas. Co.*, 979 F.Supp. 454 (S.D.MIss.1997).  Absent direct participation in the adjustment of Vega's claim and absent gross negligence or deliberate misconduct in the adjustment process, neither Smith nor JWS could be liable for actions taken by Allstate during the adjustment process.  *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss.1991).

Vega has asked that the Court grant him an opportunity to conduct remand-related discovery. (Plaintiff's Memorandum In Support of His Motion To Remand)   I believe this is a reasonable request, and I will treat it as an ore tenus motion for that relief.  I am uncertain on the record before me whether Vega has stated a cause of action against the non-diverse defendants, and the interests of justice require that I make that determination on a more fully developed record.

Accordingly, I will hold Vega's motion to remand in abeyance and allow the parties to take a limited amount of discovery related solely to the liability vel non of Smith and JWS.  Both sides will have an opportunity to discover the facts they need to resolve the motion to remand.

I will allow a period of ten days from the date of this order during which counsel for the parties shall confer to see whether they can agree on the method and timing of the discovery necessary to accomplish this purpose.  If the parties can agree, they shall, within fourteen days of the date of this order, submit and agreed order setting out their discovery schedule and identifying the methods of discovery they have agreed upon.  If the parties cannot reach and agreement, each party shall, within fourteen days of the date of this order, submit a proposed schedule for this discovery.  I will thereafter enter a separate order establishing the method and timing for this discovery.

Accordingly, on the terms set out above, I will grant the plaintiff's ore tenus motion to modify the stay entered by the United States Magistrate Judge on April 4, 2006, to permit the taking of remand related discovery, and I will hold the plaintiff's motion to remand in abeyance pending the completion of that discovery.  I will thereafter treat the motion to remand and response to that motion as a motion for summary judgment on behalf of the non-diverse defendants.

**SO ORDERED** this 2nd day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge